UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAGEB HUSSAIN,<br><br>Plaintiff,<br><br>v.<br><br>PROJECT OPEN HAND, et al.,<br><br>Defendants. | Case No. 26-cv-02156-PHK<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED *IN FORMA PAUPERIS***<br><br>Re: Dkt. 3 |

**INTRODUCTION**

Now before the Court is *pro se* Plaintiff Mageb Hussain's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [Dkt. 3]. Upon careful review of the application and the accompanying affidavit, the Court finds that Plaintiff Hussain has failed to provide sufficient factual details regarding his assets and liabilities to warrant granting the motion. Thus, Plaintiff's application to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE**.

**RELEVANT BACKGROUND**

On March 12, 2026, Plaintiff Hussain filed a Complaint against Defendants Project Open Hand, Kyte, and Local 1021 ("Defendants"). [Dkt. 1]. Contemporaneously, Plaintiff filed a motion seeking leave to proceed *in forma pauperis* by submitting this Court's standard application form for such requests. Dkt. 3; *see see* The Northern District of California, Civil Forms, https://www.cand.uscourts.gov/forms/civil-forms/ (last visited May 22, 2026) (PDF labeled "Application - Proceed In Forma Pauperis in Non-Prisoner Cases"). The Court's form application for leave to proceed *in forma pauperis* instructs a movant to provide a variety of financial information which this Court uses to determine if an applicant may proceed *in forma pauperis*.

United States District Court
Northern District of California

**LEGAL STANDARD**

A plaintiff instituting a civil action in federal court must ordinarily pay a filing fee.  *See* 28 U.S.C. § 1914(a).  However, under 28 U.S.C. § 1915(a)(1), a federal court "must authorize the commencement," of a civil suit without prepayment of the filing fee if the plaintiff submits an affidavit which "includes a statement of all assets," and which shows that the plaintiff is "unable to pay such fees or give security therefor." Thus, the *in forma pauperis* statute permits an indigent party to litigate a civil action in federal court without prepayment of fees or security therefor.  *See* 28 U.S.C. § 1915(a)(1) ("any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor[.]").

Because the statute does not itself define what constitutes insufficient assets to warrant *in forma pauperis* status, the determination of indigency falls with the Court's discretion.  *See Williams v. Cnty. of Ventura*, 443 F. App'x 232, 233 (9th Cir. 2011).  "The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court." *Venable v. Meyers*¸ 500 F.2d 1215, 1216 (9th Cir. 1974) (per curiam), *cert. denied*, 419 U.S. 1090, 95 S. Ct. 683, 42 L. Ed. 2d 683 (1974).

To qualify to proceed *in forma pauperis*, the litigant must submit an affidavit that includes a statement of all assets they possess.  28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  The affidavit must also state that the person is unable to pay the fees or give security.  28 U.S.C. § 1915(a)(1)*.*  The affidavit must provide "sufficient details concerning [the applicant's] income, assets, and expenditures[.]" *Williams*, 443 F. App'x at 233. "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo*, 787 F.3d at 1235. "One need not be absolutely destitute to obtain the benefits of the in forma pauperis statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).  Nevertheless, a party "seeking [*in forma pauperis*] status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

United States District Court
Northern District of California

United States District Court
Northern District of California

**DISCUSSION**

In Plaintiff's Complaint he alleges employment discrimination and states he was hired "as a porter/janitor/prep cook," thus indicating he was previously employed. [Dkt. 1 at 1-2]. However, in his financial affidavit, Plaintiff does not fill out the portion of Question One in which he is asked to "state the date of last employment and the amount of . . . salary and wages per month." [Dkt. 3 at 1-2].

In his financial affidavit, Plaintiff Hussain avers that within the past twelve months he has received money from "[b]usiness, [p]rofession[,] or self employment" and describes working "with instawork as a [sic] independent contractor," but fails to state the amount of income received from that work as an independent contractor. *Id.* at 2. Additionally, Plaintiff fails to fill out any information in response to Question Eight of the IFP form regarding monthly expenses. *Id.* at 3.

The Court finds that Plaintiff has failed to allege poverty with sufficient particularity, definiteness, and certainty to allow the Court to ascertain whether he is entitled to IFP status. Specifically, Plaintiff's affidavit is lacking in necessary information as detailed above. In light of Plaintiff's insufficient financial affidavit, the Court cannot determine whether Plaintiff is able to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Accordingly, due to the insufficient information regarding Plaintiff's current financial status both as to income and monthly expenses, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's application to proceed *in forma pauperis*.

Plaintiff is granted leave to file an amended IFP application (if he so chooses) with complete and accurate information regarding his income, assets, liabilities, and expenses, by no later than **June 29, 2026**. Because an amended IFP application completely replaces the instant IFP application, Plaintiff **SHALL** include in any such amended IFP application all of the information requested by the form. Any such amended IFP application **SHALL NOT** incorporate material from the prior IFP application [Dkt. 3] by reference. Failure to provide sufficient information may result in denial of any such amended IFP application with prejudice.

Should Plaintiff fail to file an amended IFP application by **June 29, 2026**, the Court may issue an order directing the Clerk to reassign this case to a District Judge along with a

3

recommendation that this case be dismissed for failure to prosecute and/or comply with Court orders.

Due to the procedural posture of this case, the Initial Case Management Conference set for September 2, 2026, and all associated deadlines are **VACATED**. The Court will direct the Parties at a later date regarding case scheduling.

**ADVISEMENT OF PRO SE RESOURCES**

Plaintiff is **ADVISED** that there are several resources available for *pro se* litigants.  The Court makes available a guide for *pro se* litigants called "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial.  This guide is available electronically online at https://cand.uscourts.gov/representing-yourself/pro-se-handbook or in hard copy free of charge from the office of the Clerk of Court. The Court additionally has a webpage with resources for *pro se* litigants: https://cand.uscourts.gov/representing-yourself.

Additionally, Plaintiff has the option to contact the Legal Help Center by making an appointment by telephone at (415) 782-8982 or by email at fedpro@sfbar.org.  The Legal Help Center is a free service provided by the Justice & Diversity Center of the Bar Association of San Francisco ("JDC"), and is not part of the United States District Court.  The Legal Help Center is staffed by attorneys employed by the JDC to provide information and limited-scope legal assistance to *pro se* litigants in civil cases.  *See* https://cand.uscourts.gov/representing-yourself/jdc-legal-help-center-san-francisco-oakland-courthouses.

While the Court recognizes that Plaintiff is proceeding *pro se*, Plaintiff nevertheless **SHALL** comply with all of this Court's Orders (including all Standing Orders, available on the Court's website) and all deadlines required by the Federal Rules of Civil Procedure, the Local Rules of this Court, the General Orders of this Court, and any other statutory requirements in a timely fashion.

**CONCLUSION**

Accordingly, for all the reasons discussed herein, the Court **DENIES WITHOUT PREJUDICE** Plaintiff Hussain's application to proceed *in forma pauperis*.  [Dkt. 3].  Plaintiff is granted leave to file an amended IFP application by **June 29, 2026**.

4

United States District Court
Northern District of California

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff at his address of record.

This **RESOLVES** Dkt. 3.

**IT IS SO ORDERED.**

Dated: June 2, 2026

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

5